UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT E. COFIELD, | No. 2:13-cv-02032 DAD P |
| Plaintiff, | |
| v. | ORDER |
| MAYDOLE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c).  (See ECF No. 5.)

**I. In Forma Pauperis Application**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and

/////

forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Applying these pleading standards, below the court will assess each of the claims presented by plaintiff in his complaint.

**III.    Retaliation Claim**

In his complaint plaintiff alleges that because he sent a written complaint to the warden about the mishandling of Halal/kosher meat at High Desert State Prison (ECF No. 1 at 34), defendants Maydole and Lopez retaliated against him by delaying, rejecting and intentionally mishandling his inmate grievances, opening and returning his legal mail to him, and falsely charging him with forging an officer's signature for his legal mail.[1]  If the allegations of plaintiff's complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of his retaliation claim.  Accordingly, the court concludes that plaintiff's complaint states a cognizable First Amendment retaliation claim against defendants Maydole and Lopez.

**IV. Deficiencies With Respect to Plaintiff's Other Claims**

The court finds that the remainder of plaintiff's claims are defective.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id. Although the court has determined that plaintiff has stated a cognizable retaliation claim and the action may proceed with that claim, plaintiff may choose to file an amended complaint in order to attempt to cure the deficiencies, noted below, with respect to some of his other claims.

**A. First Amendment Free Speech and Access to Court Claims**

Plaintiff alleges that his right to freedom of speech was violated when his inmate grievances were not properly processed and that he was denied his right to access the courts when he was threatened for pursuing his inmate grievances.  (ECF No. 1 at 4 & 11.)  Plaintiff fails to present a cognizable free speech claim because an inmate has no constitutional right to an inmate grievance system.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance process."); Ramirez v. Galaza, 334 F.3d 850, 860

/////

---

[1] Plaintiff was found guilty of the lesser prison disciplinary administrative offense of "mail violation with no security threat" and was not assessed a loss of time credits. (ECF No. 1 at 22.)

(9th Cir.2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.")

Plaintiff has also failed to state a cognizable claim that he was denied access to the courts. While the constitutional right to access the courts is well established, an inmate who alleges interference with such right must also allege that he suffered actual injury as a result. See Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994). "Actual injury" means a "specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Plaintiff has not alleged any facts in his complaint addressing in what way his access to the courts was impeded or in what way he suffered actual injury as a result.

**B. Sixth Amendment Claim**

The Sixth Amendment provides the right to a fair trial to one accused of a crime. The Sixth Amendment, however, does not apply to plaintiff's prison rules violation hearing. See Wolff v. McDonnell, 418 U.S. 539, 570 (1974). Therefore, plaintiff cannot state a cognizable Sixth Amendment claim.

**C. Eighth Amendment Claim**

Plaintiff next alleges that defendants were "deliberately indifferent to plaintiff's rights" in violation of the Eighth Amendment when they failed to properly process his inmate grievances so that he could exhaust his administrative remedies. (ECF No. 1 at 12.) The Eighth Amendment prohibits cruel and unusual punishment. However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny[.]" Whitley v. Albers, 475 U.S. 312, 319 (1986). It is "unnecessary and wanton infliction of pain" that constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Id. See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

/////

/////

There are an objective and a subjective requirement which must be met for an Eighth Amendment claim. First, as to the objective requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, the prison official must have a sufficiently culpable state of mind. See id. Here the state of mind is one of deliberate indifference. See id. A prison official who knows of and disregards an excessive risk to the inmate's health or safety demonstrates deliberate indifference. See id. at 837. Thus, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id. However, an official that knows of a substantial risk to an inmate's health or safety but acts reasonably under the circumstances will not be held liable under the cruel and unusual punishment clause, even if the threatened harm results. See id. at 843.

Here, in his complaint plaintiff has alleged no facts explaining how the actions of each named defendant subjected him to a substantial risk of serious harm and how theirs acts or omissions demonstrated deliberate indifference.

**D. Fourteenth Amendment Claim**

Plaintiff also alleges that defendants failed to properly process his inmate grievances in violation of his rights under the Fourteenth Amendment. As noted above, however, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann, 855 F.2d at 640; see also Ramirez v. Galaza, 334 F.3d at 860 (holding that there is no liberty interest entitling inmates to a specific grievance process). Put another way, prison officials are not required to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process his inmate grievances. See, e.g., Wright v. Shannon, No. 1:05–cv–01485–LJO–YNP PC, 2010 WL 445203, at * 5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, No. 1:09–cv–00468–OW W–YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov.10, 2009) ("Plaintiff has no protected

5

liberty interest in the vindication of his administrative claims."). Plaintiff contends that the defendants failed to comply with procedures and regulations governing the handling of inmate grievances. However, such state policies and regulations do not create a protected liberty interest. Therefore, plaintiff has failed to state a cognizable Fourteenth Amendment claim.

**V. Amended Complaint**

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights with respect to each of his claims. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Any amended complaint must allege in specific terms how each named defendant was involved in the particular deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim, including his retaliation claim, and the involvement of each defendant with respect to each claim must be sufficiently alleged.

**VI. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 12, 2013 request for leave to proceed in forma pauperis (ECF No. 4) is granted.

/////

6

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Should plaintiff decide to proceed solely with his retaliation claim, service is appropriate for defendants Maydole and Lopez.

    a. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed September 30, 2013.

    b. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        (i) The completed Notice of Submission of Documents;

        (ii) One completed summons;

        (iii) One completed USM-285 form for each defendant listed in number 3 above; and

        (iv) Three copies of the endorsed complaint filed September 30, 2013.

    c. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

4. In the alternative, plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint".

    a. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a section 1983 action.

/////

/////

5. Plaintiff's failure to comply with this order by submitting the documents set forth in paragraph 3 above, or in the alternative, by filing an amended complaint will result in the dismissal of this action.

Dated: April 10, 2014

*[Signature: Dale A. Drozd]*

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
cof2032.1

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT E. COFIELD,<br><br>    Plaintiff,<br><br>  v.<br><br>MAYDOLE, et al.,<br><br>    Defendants. | No.  2:13-cv-02032 DAD P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

Plaintiff submits the following documents in compliance with the court's order filed _____:

\_\_\_\_        completed summons form

\_\_\_\_        completed USM-285 forms

\_\_\_\_        copies of the endorsed complaint filed 9/30/13

DATED:

_____
Plaintiff

1