UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT E. COFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAYDOLE, et al.,<br><br>　　　　Defendants. | No.  2:13-cv-02032 TLN CKD P (TEMP)<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

**I.      Introduction**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  Before the court is defendants' April 27, 2015, motion for summary judgment and request to file documents under seal. Plaintiff opposes the motion, and defendants have filed a reply. For the reasons discussed below, the undersigned recommends that defendants' motion for summary judgment be granted.

**II.     Procedural Background**

Plaintiff initiated this case on September 30, 2013. On April 11, 2014, plaintiff's complaint was screened and found to state a First Amendment retaliation claim against Correctional Officer ("CO") Maydole and Appeals Coordinator L. Lopez. (ECF No. 7.)

On July 21, 2014, defendants filed an answer (ECF No. 16), and on July 29, 2014, a Discovery and Scheduling Order issued (ECF No. 19).

1

On April 27, 2015, defendants filed a motion for summary judgment, which is premised on the arguments that (1) plaintiff did not exhaust his administrative remedies and (2) the undisputed facts demonstrate that neither defendant retaliated against plaintiff. (ECF No. 25.) They also move to file a document under seal. (ECF No. 26.) Plaintiff opposes the motion for summary judgment. (ECF No. 28.) This matter is fully briefed and ready for disposition.

### III. Motion for Summary Judgment: Exhaustion of Administrative Remedies

#### A. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007); Albino v. Baca, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

#### B. Summary of CDCR's Administrative Review Process

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDCR Form 602 describing the issue and the relief requested. Id. at § 3084.2(a). Three levels of review are involved—a first level review, a second level review, and a third level review. Id. at § 3084.7. Bypassing a level of review may result in rejection of the appeal. Id. at § 3084.6(b)(15). Under § 1997e, a prisoner has exhausted his

administrative remedies when he receives a decision at the third level. See Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

If an inmate submits an appeal that is duplicative, untimely, lacks critical information, or otherwise does not comply with regulations governing the appeal process, the appeal may be screened out and rejected or cancelled. Clark Decl. ¶ 6. A rejected appeal is returned to the inmate with the reason(s) for the rejection, and a notification that the inmate may correct and resubmit the appeal within the statutory deadlines. Id. A cancelled appeal is returned to the inmate with the reason(s) for the cancellation, and a notification that the inmate may separately appeal the cancellation decision within the statutory deadlines. Id.

**C. Plaintiff's Allegations in the Complaint**

Plaintiff alleges that in early-2013 defendant Maydole and another correctional officer (not a party to this action) were assigned to correct a plumbing problem causing sewer water to leak from pipes. When these officers later served Halal meals, they used the same dirty gloves used during the plumbing work. Plaintiff complained to the officers, who told plaintiff that he didn't need to eat the food. Plaintiff also wrote a letter to the warden complaining of cross-contamination.

On May 16, 2013, plaintiff received a response from the warden, who advised plaintiff to use the administrative remedies available to him to appeal the issue. Later in that letter, the warden referenced an administrative grievance filed by plaintiff concerning the issue and which was partially-granted at the first level of review.[1]

---

[1] This grievance referenced in the warden's letter is the subject of defendants' request to seal. (ECF No. 26.) A party seeking to seal a judicial record bears the burden of overcoming a strong presumption in favor of public access. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. at 1178-79 (citation omitted). In ruling on a motion to seal, the court must balance the competing interests of the public and the party seeking to keep records secret. Id. at 1179. On review, the court finds that defendants have met their burden of overcoming the strong presumption in favor of public access. This grievance referenced by the warden was in fact written by a third-party inmate, it includes the inmate's name and identification number, and it concerns events not even remotely at issue in this case. As it has no bearing on this action, and is intended to show only that the warden was mistaken about plaintiff's attempt to pursue his administrative remedies regarding the handling of Halal meals,

Plaintiff alleges that after he received the warden's letter, Maydole and Lopez colluded to retaliate against him. On May 21, 2013, Maydole issued a false Rules Violation Report ("RVR") accusing plaintiff of forging a signature and, when plaintiff filed a grievance concerning the RVR, Lopez improperly screened out the appeal.

**D. Plaintiff's Attempts to Exhaust Administrative Remedies**

    **1. Prison Administrative Grievance**

On June 29, 2013, plaintiff filed an administrative grievance, which was assigned tracking number HDSP-A-13-02133. Compl., ECF No. 1 at 16-19. In this grievance, plaintiff complained about the May 2013 RVR issued by Maydole and retaliatory conduct by Maydole, including issuing the RVR, housing plaintiff in a cell with no electricity for 46 days, and opening his legal mail. Plaintiff sought to have the RVR reversed and wanted training for correctional staff to write their badge numbers when signing legal mail.

Lopez screened out this appeal on July 15, 2013, because it was missing necessary supporting documents (a final copy of the RVR), and because it included multiple issues (appeal of RVR and staff complaint). Compl., ECF No. 1 at 13; Lopez Decl. ¶ 6. Lopez instructed plaintiff that he needed to resubmit his appeal with supporting documents and a clarification on whether he was appealing the RVR or starting a staff complaint.

Plaintiff resubmitted his appeal with written comments that he still had not received a final copy of the RVR after several months. See Compl., ECF No. 1 at 13-14; Pl. Dep. at 69:16-22. Plaintiff also claims that he sent Lopez a confidential letter clarifying that his appeal concerned a single issue, not multiple issues. Pl. Dep. at 68:21—69:7.

On August 1, 2013, Lopez screened out the appeal a second time. Compl., ECF No. 1 at 14. Plaintiff was again instructed to resubmit his appeal with supporting documents and a clarification as to whether he was appealing a RVR or starting a staff complaint.

Plaintiff again resubmitted his appeal, writing that he was appealing "the bogus RVR," see Compl., ECF No. 1 at 14, but he did not attach supporting documents. Lopez Decl. ¶ 8.

---

the request to seal will be granted.

4

On August 16, 2013, plaintiff's appeal was screened out a third time. Compl., ECF No. 1 at 15. With this screening, Lopez provided plaintiff with a copy of the RVR and then directed him to explain why his appeal should not be deemed untimely since it would now be filed beyond the 30-day time limit for such appeals.

Plaintiff did not resubmit his appeal for a fourth time and chose instead to initiate this lawsuit. See Pl.'s Dep. at 159:17-22.

### 2. Communication with Outside Agencies

In addition to filing an administrative grievance, plaintiff also wrote multiple letters to outside agencies as follows:

*Division of Adult Institutions*: On an unspecified date, plaintiff wrote a letter to the Division of Adult Institutions regarding the processing of his grievances and denial of access to the law library. Pl.'s Opp'n at 2. On January 18, 2013, the Division of Adult Institutions responded to plaintiff, directing him to file a complaint through the Office of the Inspector General. Pl.'s Opp'n, Ex. A (ECF No. 28 at 11).

*Attorney General's Office*: On an unspecified date, plaintiff wrote a letter to the Attorney General's Office complaining of various issues at HDSP, including retaliation, harassment, failure to properly exhaust administrative remedies, and mail tampering. Pl.'s Opp'n at 4. On February 21, 2013, the Attorney General's Office responded to plaintiff, directing him to contact the Office of the Inspector General for complaints against a state correctional facility or employee. Pl.'s Opp'n, Ex. A (ECF No. 28 at 12-15). On June 9, 2013, plaintiff filed a civil rights complaint with the Attorney General's Office against the correctional staff at HDSP. Pl.'s Opp'n at 5, Ex. E.

*Receiver Relsoe of Adult Institutions*: On May 26, 2013, plaintiff sent a letter to "Receiver Relsoe of Adult Institutions" complaining of, inter alia, the unauthorized opening of his legal mail, receipt of false RVRs, and racial animosity. Pl.'s Opp'n at 5, Ex. D.

*Office of the Inspector General*: On June 27, 2013, the Office of the Inspector General directed plaintiff to use the available administrative remedies at HDSP. Pl.'s Opp'n, Ex. G.

/////

**E. Discussion**

On review of defendants' motion for summary judgment, the court finds that defendants have carried their initial burden of showing the absence of exhaustion here. As defendants argue, plaintiff does not dispute that there was a grievance procedure in place at his institution at the time of the incident he complains about. Plaintiff also does not dispute that he did not exhaust his administrative remedies. See Compl. at 12.

The burden therefore shifts to plaintiff, "who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Albino, 747 F.3d at 1172). Acts by prison officials that prevent the exhaustion of administrative remedies may make administrative remedies effectively unavailable. See Nunez v. Duncan, 591 F.3d 1217, 1224-25 (9th Cir. 2010). "The ultimate burden of proof, however, remains with the defendants," and the evidence must be viewed in the light most favorable to plaintiff. Paramo, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172).

Here, plaintiff asserts that "special circumstances" prevented him from complying with the PLRA's exhaustion requirement—namely, defendant Lopez's allegedly improper screening of his grievance. It is true that "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). However, to fall within this exception to the exhaustion requirement, plaintiff must show that (1) he filed a grievance that, if pursued through all three levels, would have sufficed to exhaust the claim, and (2) prison officials screened the grievance for reasons inconsistent with or unsupported by applicable regulations. Id.

While plaintiff's grievance concerned the RVR issued by Maydole, which would have sufficed to exhaust his claim against this defendant had he pursued it, he has not shown that Lopez's screening of the grievance was inconsistent with or unsupported by the regulations. Since examination of plaintiff's grievance confirms that it concerned both a challenge to an RVR and a complaint of retaliatory conduct by Maydole that went beyond the issuance of the RVR, the court

concludes that Lopez reasonably construed it as addressing multiple issues. Furthermore, plaintiff admits that he did not submit a copy of the RVR when he resubmitted his appeals. Accordingly, the court finds that plaintiff has not shown that Lopez's screening of the grievance for failure to clarify the issue on appeal or to attach necessary documents was inconsistent with CDCR regulations. Finally, plaintiff admits that he did not appeal Lopez's allegedly improper denial of his grievances.

In addition, defendants' evidence shows that an internal administrative avenue remained open to plaintiff. Though the record reveals that plaintiff informed Lopez that he could not submit a copy of the RVR because he was unable to get it due to delays by prison authorities, the record also reveals that once Lopez provided plaintiff with a copy of it and directed him to resubmit his appeal, plaintiff chose instead to abandon the process. Moreover, plaintiff claims that he submitted a confidential letter to Lopez regarding the number of issues that he was appealing, but he has provided no proof of that letter. Lastly, plaintiff's communication with outside agencies does not satisfy the PLRA's requirement that a prisoner comply with a *prison*'s grievance procedures before filing suit. The evidence before the court thus shows that plaintiff elected not to pursue the grievance through the proper channels. Because plaintiff has not shown that he had no available relief through the proper channels, his claims against defendants Maydole and Lopez must be dismissed without prejudice for failure to exhaust.

### IV. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that defendants' motion to file documents under seal (ECF No. 26) is granted; and

IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (ECF No. 25) be granted for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 14, 2016

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

mb
cofi2032.msj